## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY RODGERS,** | : | **CIVIL ACTION NO. 1:05-CV-0206** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD KLEM**, et al., | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) in which petitioner, Rodney Rodgers ("Rodgers"), challenges a Pennsylvania state conviction.[1]  Rodgers seeks relief based upon trial court error as well as the ineffective assistance of defense counsel.  For the reasons that follow, the petition will be denied with respect to the claim of trial court error.  The issue of ineffective assistance of counsel will proceed to a hearing.

### I.   Statement of Facts

On September 8, 2000, following a jury trial, Rodgers was found guilty of criminal attempt to commit criminal homicide, sentenced to a period of incarceration of twenty to forty years, and ordered to pay restitution and costs of

---

[1] On March 10, 2005, in accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the court issued formal notice to Rodgers that he could either have the court rule on the petition as filed or withdraw it and thereafter file an all inclusive petition within the one-year limit for filing such a petition.  (<u>See</u> Doc. 6.)  On April 6, 2005, Rodgers filed a notice of election in which he opted to have the court consider the petition as filed.  (<u>See</u> Doc. 7.)

prosecution.  (See Doc. 12-1 at 4.)   He appealed his judgment of sentence to the

Superior Court of Pennsylvania (see Doc. 12-1 at 13), raising, *inter alia*, the claim

that the trial court erred by prohibiting his witnesses from testifying about specific

instances involving the victim.  (See Doc. 12-1 at 19, 40.)  The judgment of sentence

was affirmed.[2]  See Commonwealth v. Rodgers, 790 A.2d 343 (Pa. Super. Ct. 2001).

Rodgers timely filed a petition for allowance of appeal with the state supreme court.

(Doc. 12-2 at 48.)  The petition was denied on April 25, 2002.[3]  See Commonwealth v.

Rodgers, 797 A.2d 912 (Pa. 2002).

Thereafter, Rodgers filed a petition pursuant to the Pennsylvania Post

Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, raising a number

of  issues, including that "[t]rial counsel rendered ineffective assistance in not

objecting to the Commonwealth venire jury list which did not contain a cross

section of the community" in violation of the Sixth Amendment and Fourteenth

Amendment due process and equal protection clauses.  (Doc. 12-3 at 11, 14, 16.)  At

that time, Rodgers requested production of "the venire composition of an all white

jury list of potential jurors [list of persons for petit jury selection]" to determine why

"the venire jury did not have a cross section of Defendant's peers [from a] cross

section of the community."  (Doc. 12-3 at 14 (citing Batson v. Kentucky, 476 U.S. 79

(1986))).

---

[2] (See Doc. 12-2 at 39-47.)

[3] (See Doc. 12-3 at 7.)

During the PCRA hearing, Rodgers was questioned about the array and he responded as follows:  "When I looked at the jury pool, I didn't want no [sic] parts of the jury because there was [sic] no minorities whatsoever."  (Doc. 12-3 at 37.) Rodgers testified that he raised this concern with defense counsel and that defense counsel responded simply: "[T]his is the jury that you have to deal with."  (Doc. 12-3 at 38.)  When defense counsel was asked about the composition of the jury pool at the PCRA hearing, she stated:

> If Mr. Rodgers says that they were all white people, I would have no reason to disagree with him, and I can't say I have anything written down to indicate otherwise.  I'm sure he made a comment to the effect of this isn't a jury of my peers, and I explained . . . it's a random selection and that whoever gets brought in[,] gets brought in; and unless those people indicated that they couldn't be fair and impartial, that those would be the people we would be picking from.

(Doc. 12-3 at 79.)  The PCRA court denied the petition.  (Doc. 12-3 at 100.)

Rodgers timely appealed the PCRA court's order to the superior court. (Doc. 12-4 at 28.)  He again raised the issue "that trial counsel was ineffective for failing to object to an all-white jury panel assembled for his trial."  (Doc. 12-4 at 29.) In its brief in opposition to the appeal, the Commonwealth acknowledged that a defendant has "a right to a jury drawn from a panel which represents a cross-section of the community."  (Doc. 12-4 at 15.)  The Commonwealth also acknowledged that Rodgers has "a right to require a state not to deliberately and systematically exclude members of his race from the jury panels and from the juries ultimately drawn from those panels" but reminded the superior court that Rodgers "must prove systematic exclusion."  Id.

3

Inexplicably, the superior court concluded that Rodgers waived the issue of whether his attorney was ineffective for failing to challenge the composition of the venire.  The superior court summarily concluded that Rodgers "failed to raise this issue in his direct appeal and his petition for post-conviction relief," and that he raised the issue for the first time on appeal from the PCRA denial.  (Doc. 12-4 at 31.)[4]  Thus, Rodgers' PCRA appeal was denied.

Rodgers subsequently filed a petition with the state supreme court for allowance of appeal in which the sole issue presented was whether the superior court improperly denied PCRA relief based upon the erroneous assumption that the ineffective assistance of counsel claim was waived.  (Doc. 12-4 at 44, 47.) Rodgers argued that the first available opportunity for him to raise the issue was in his PCRA petition, and that the issue was clearly raised in the petition.  (Doc. 12-4 at 47-48.)  The petition for allowance of appeal was denied without opinion. (Doc. 12-4 at 65.)

Rodgers commenced the instant action pursuant to 28 U.S.C. § 2254, contending that:  (1) the trial court committed reversible error by prohibiting defense counsel from introducing evidence of the victim's prior criminal acts and

---

[4] See 42 PA. CONS. STAT. ANN. § 9543(a)(3) ("To be eligible for [PCRA] relief . . . the petitioner must plead and prove . . . [t]hat the allegation of error has not been previously litigated or waived."); id. § 9544(b) (providing that a claim is deemed waived if it "could have [been] raised . . . before trial, at trial[,] . . . on [direct] appeal, or in a prior [PCRA] proceeding.")

(2) defense counsel was ineffective for failing to object to an all-white jury panel. (Doc. 1 at 5-6.)  The matter is presently ripe for disposition.

## II.   <u>Discussion</u>

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Estelle</u>, 502 U.S. at 67-68; <u>see also</u> <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Johnson v. Rosemeyer</u>, 117 F.3d 104 (3d Cir. 1997).

Further, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  <u>See</u> 28 U.S.C. § 2254(b)(1).  A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

The exhaustion requirement gives states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (quotations omitted).  "To provide the [s]tate with the necessary

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state

court[,] . . . thereby alerting that court to the federal nature of the claim." Id.  Fair

presentation "requires that the claim brought in federal court be the substantial

equivalent of that presented to the state courts.  Both the legal theory and the facts

underpinning the federal claim must have been presented to the state courts, and

the same method of legal analysis must be available to the state court as will be

employed in the federal court." Evans v. Court of Common Pleas, 959 F.2d 1227,

1231 (3d Cir. 1992) (citations omitted).

However, a determination that state remedies have been exhausted through

fair presentation does not end the threshold habeas inquiry; a petitioner must also

avoid the "concomitant doctrine of procedural default." Slutzer v. Johnson, 393

F.3d  373, 381 (3d Cir. 2004).  In deference to the tenets of federalism and comity, a

district court will not hear argument on issues that were procedurally defaulted at

the state level.  See Lambrix v. Singletary, 520 U.S. 518, 523 (1997).  The doctrine of

procedural default bars federal habeas relief when a state court declines to address

a federal claim because the petitioner failed to meet a state procedural

requirement.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).  Specifically,

review is foreclosed "if the decision of [the state] court rests on a state law ground

that is independent of the federal question and adequate to support the judgment."

Id.; see also Szuchon v. Lehman, 273 F.3d 299, 325 (3d Cir. 2001).  This independent

and adequate standard is met only when: "(1) the state procedural rule speaks in

unmistakable terms; (2) all state appellate courts refused to review the petitioner's

6

claim on the merits; and (3) the state courts' refusal *in this instance* is consistent

with other decisions." Doctor v. Walters, 96 F.3d 675, 683-84 (3d Cir. 1996)

(emphasis added).   If the state law ground is not "independent and adequate," a

federal court may look beyond the state court's decision and address the merits of

petitioner's constitutional claim.   Neeley v. Zimmerman, 858 F.2d 144, 147 (3d Cir.

1988).

### A.   Trial Court's Evidentiary Ruling

Rodgers claims that the trial court erred by prohibiting his witness from

testifying about the victim's allegedly nefarious reputation.   Specifically, he

contends that the court abused its discretion in failing to allow counsel to introduce

evidence that the victim was a known robber.[5]   (Doc. 1 at 5.)  This claim is simply

not cognizable in a federal habeas proceeding because it implicates a violation of

state evidentiary rules, not federal law.   Hence, it is not a proper subject for federal

habeas review.  See Johnson, 117 F.3d at 109; see also Geschwendt, 967 F. 2d at

888-89; Hawkins v. Carroll, No. 03-1165-KAJ, 2005 WL 3336538, at *3 (D. Del. Dec. 8,

2005) (finding a violation of state evidentiary law is not cognizable in a federal

habeas proceeding); McLaughlin v. Carroll, 270 F. Supp. 2d 490, 514 (D. Del. 2003)

(same).

---

[5] Throughout the state court proceedings, Rodgers wholly relied upon the
state rules of evidence and applicable state caselaw regarding the introduction of
specific evidence of known crimes by the victim.  (See Doc. 12-2 at 40-44, 69-75.)

**B.** **Sixth Amendment Ineffective Assistance of Counsel Claim Based Upon the Failure of Trial Counsel to Object to an All-White Jury Panel as Not Representative of a Cross-Section of the Community**

Rodgers also claims that trial counsel was ineffective for failing to object to an all-white jury panel.  Based upon the record, the court concludes that an evidentiary hearing on this claim is warranted.

Respondents incorrectly assert that this ineffective assistance of counsel claim was raised and decided on its merits in the state PCRA proceedings.  (Doc. 11-1 at 3.)  It was not.  To the contrary, the superior court held that this claim was raised for the first time on appeal from the denial of Rodgers' PCRA petition.  As a result, the superior court concluded that the issue was waived pursuant to sections 9543(a)(3) and 9544(b).  Although this determination obviously implicates the doctrine of procedural default and would ordinarily preclude consideration of the claim, the court concludes that, in this rare instance, the superior court's determination is inconsistent with other decisions.  Hence, it is appropriate to consider the merits of the claim.  Doctor, 96 F.3d at 683-84.

A Sixth Amendment ineffective assistance of counsel claim must be raised at the earliest stage of the proceedings wherein allegedly ineffective counsel is no longer representing petitioner.  See Commonwealth v. Griffin, 644 A.2d 1167, 1170 (Pa. 1994).  The PCRA petition marked Rodgers' first opportunity to challenge the effectiveness of his trial counsel, who also represented Rodgers in his direct appeal.  As such, this claim was properly raised by Rodgers for the first time in his PCRA

8

petition.  Commonwealth v. Wallace, 724 A.2d 916, 921 (Pa. 1999) (citing

Commonwealth. v. Morales, 701 A.2d 516, 520 (Pa. 1997)).

Based upon the record before the court, the superior court's conclusion that

the Sixth Amendment claim was raised for the first time on appeal is simply

incorrect.  See Commonwealth v. Butler, 812 A.2d 631 (Pa. 2002) (finding that a

claim cannot be raised for the first time on appeal).  The issue, as detailed in Part I,

*supra*, was clearly and unequivocally presented to the PCRA court.  Consequently,

the superior court's decision to deem the issue waived is inconsistent with pertinent

state court decisions.  Wallace, 724 A.2d at 921; Morales, 701 A.2d at 520.

The court concludes that Rodgers' ineffective assistance of counsel claim is

not procedurally defaulted and that, at this juncture, its merits may be considered.

The matter will therefore proceed to an evidentiary hearing.[6]  See R. GOVERNING

§ 2254 CASES R. 8(a); see also Appel v. Horn, 250 F.3d 203, 210-12 (3d Cir. 2001);

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996); Albrecht v. Horn, 314 F. Supp. 2d 451,

459-60 (E.D. Pa. 2004).

---

[6] The Anti-terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132,
110 Stat. 1217 ("AEDPA"), precludes habeas relief on a "claim that was adjudicated
on the merits in State court proceedings" unless the petitioner has shown that the
state court proceedings "resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or . . . resulted in a decision that was based on
an unreasonable determination of the facts in light of the evidence presented in the
State court proceeding." 28 U.S.C. § 2254(d).  By its own terms, § 2254(d) applies
only to claims already "adjudicated on the merits in State court proceedings." In
light of the court's determination that state courts have not reached the merits of
Rodgers' claim, the deferential standards provided by AEDPA do not apply. See
Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).  "In such an instance, the federal
habeas court must conduct a *de novo* review over pure legal questions and mixed
question of law and fact, as a court would have done prior to the enactment of the
AEDPA." Id. (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

The court concludes that the interests of justice require the appointment of counsel.  See R. Governing § 2254 Cases R. 8(c); see also 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. §] 2254  . . . .").

III.   **Conclusion**

Rodgers' claim that the trial court erred by barring evidence of the victim's prior criminal acts implicates a violation of state evidentiary rules, not federal law. It is therefore not cognizable in a federal habeas proceeding.

The state court's decision that Rodgers failed to preserve his ineffective assistance of counsel claim is inconsistent with pertinent state court decisions.  The court concludes that this claim is not procedurally defaulted and that its merits may be considered.  An evidentiary hearing is warranted and petitioner is entitled to legal representation for the remainder of these proceedings.

An appropriate order will issue.


　/s/ Christopher C. Conner　
CHRISTOPHER C. CONNER
United States District Judge


Dated:       March 3, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY RODGERS,** | : | **CIVIL ACTION NO. 1:05-CV-0206** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD KLEM**, et al., | : | |
| | : | |
| **Respondents** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of March 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DENIED with respect to the issue of the trial court's evidentiary ruling.

2.  A certificate of appealability is DENIED as to this ruling.  <u>See</u> 28 U.S.C. § 2253(c).

3.  A hearing will be scheduled by future order of court on the issue of whether petitioner's trial counsel was ineffective for failing to object to an all-white jury venire pool.

4.  The Federal Public Defender, 100 Chestnut Street, Suite 306, Harrisburg, Pennsylvania, 17101, is APPOINTED to represent Rodgers pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), (b). The appointment is subject to a determination by the Federal Public Defender's Office that Rodgers is, in fact, financially eligible.

  /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER
United States District Judge